JOHN W. TURNER et al.

*v.*

JOHN HOLLERAN et al.

An appeal to the District Court from the assessment of damages made by commisioners appointed under Chapter 129 of the Public Statutes, only brings before the court the question as to the propriety of the amount of damages awarded to the parties whose lands were overflowed.

Taylor v. Blake.

On such appeal, the defendant moved the court to set aside the order appoint-
ing the commissioners, which motion was denied, and from the order denying
the motion, the defendant appealed. *Held:* That even if it is admitted that an
appeal lies in such cases, it only lies after the entry of judgment.

The plaintiffs presented to the judge of the District Court
for the county of Scott, a petition for the appointment of com-
missioners, under Chap. 129, Pub. Stat., to make assessment
of the damages resulting from the erection of a mill dam on
certain lands owned by them, and its maintainance forever,
by overflowing or otherwise, to real estate not owned by them
or damaged by consent. The petition specified the defend-
ants as the owners of such lands. Upon such petition said
judge appointed three commissioners, who, after due notice
given the defendants, met pursuant to previous appointment.
The defendants appeared at this meeting and presented to the
commissioners certain objections, in writing, to any proceed-
ings under said petition, and the order appointing said com-
missioners. The commissioners, after making examination,
and hearing the allegations and testimony of the parties in-
terested, made a separate assessment of the damages resulting
to each, and filed their report. The defendants appealed to
the District Court; when the appeal came on to be heard, the
defendants moved upon the petition and papers on file, to dis-
miss the petition, and to vacate the order appointing the com-
missioners. The court denied the motion, and the defendants
appeal from the order denying the same, to this court.

HENRY HINDS, for appellants.

L. M. BROWN, for respondents.

*By the Court*—WILSON, Ch. J.—The appeal in this case,
from the assessment made by the commissioners, only brought
before the District Court, the question as to the propriety of

the amount of damages awarded to the parties whose lands were overflowed. Comp Stat. 848, Secs. 10 and 13. That court, therefore, was right in denying the motion to set aside the order appointing commissioners.

But aside from this objection, the appeal must be dismissed, for the reason that the order appealed from is not appealable. It can only be claimed that an appeal from this order is authorized by the 6th Sub. of Sec. 11, Chap. 71, Comp. Stats., which provides that an appeal may be taken from a final order affecting a substantial right made in a special proceeding. No legal question involved in the proceeding was definitely settled, nor was any substantial right of any of the parties affected by the order appealed from. The proceeding still remained pending in the court, and the right to review all the questions involved was unimpaired by the decision of said motion. The final order mentioned in this section refers to final orders in the nature of judgments, and if it is admitted that an appeal lies in such cases, it only lies after the entry of judgment, where both the judgment and intermediate order are open for review.

Appeal dismissed.