## WESCOTT WILKIN et al.

*vs*

## THE FIRST DIVISION OF THE ST. PAUL & PACIFIC R. R. CO.

The mode of exercising the right of eminent domain, whether by the state itself, or its delegates, rests in the discretion of the legislature, in so far as the legislature is not restrained by the constitution.

Section 13 of the charter of the Minnesota & Pacific Railroad Company, (*ch.* 1 *Ex: Sess. Laws* 1857) does not require that the application for the appointment of commissioners to appraise lands taken for the uses of the company, or the notice of such application, shall particularly describe said lands, nor state for what specific use the same are to be taken or held, nor designate by name the owners thereof; nor is the mode of proceeding prescribed by such section unconstitutional for want of such requirements. An application and notice under such section, in which the lands to be taken are referred to as being on the line of a designated division or part of said company's railroad or branches, complies with the requirements of said section, so far as any designation of such lands, or the owners of the same, is requisite.

Upon the petition of the defendant, the Hon. S. J. R. McMillan, one of the associate justices of the supreme court, appointed commissioners to appraise lands taken or to be taken by defendant for the use of its road. The order appointing such commissioners, which recites the material part of the petition, is as follows:

"AT CHAMBERS, ST. PAUL,  }
June 17, A. D. 1869.  }

Upon reading and inspection of the petition of the First Division of the St. Paul & Pacific Railroad Company, by George L. Becker, president thereof, stating among other things that a portion of the lines of said company's railroad, to wit: that part or division thereof extending from its terminus in the city of St. Paul, through the counties of Ramsey, Hennepin and Wright, to the western boundary line of said county of Wright, a distance of about sixty-four miles; and from the city of St. Anthony through the counties of Hennepin and Manomin, to the northern boundary line of said county of Manomin, a distance of about ten miles, has been located and its route determined; that the line of said railroad has been and is distinctly marked upon the ground, upon and over the entire route between the above mentioned termini ; and that it has become and is necessary for said company to take and appropriate, pursuant to the statute in such case made and provided, to and for its sole use, possession and control, for the construction, maintenance and operation of its said railroad, and for the purposes contemplated in and by the laws under which said company was created, and which relate to the railroad to be constructed by said company on and near the line of the part or division of said railroad above designated, at numerous points upon and along the same; lands which are the private property of persons and individuals other

Wilkin et al. v. The First Division of the St. Paul & Pacific R. R. Co.

than this company;" and praying for the appointment of three commissioners to make in accordance with the statute in such case made and provided, an appraisal and award of the value of all lands which are the private property of any person on the division or part of said railroad herein above designated, which the said company has entered upon, possessed, occupied or used, or which it may hereafter enter upon, take possession, occupy or use for any of the purposes for which by law said company is authorized to enter upon, take possession, occupy or use lands.

And on reading and inspection of the several affidavits of George Gray, the publisher and printer of the *Northern Statesman*, a newspaper published in the said county of Wright, Frederick L. Smith, the foreman printer in the office of the *Minneapolis Daily Tribune*, a newspaper published in said county of Hennepin, and Richard E. Davies, one of the publishers and printers of the *Saint Paul Daily Pioneer*, a newspaper published at the city of Saint Paul, capital of the state, in said county of Ramsey, showing that said company has given notice of its intention so to apply for the appointment of such commissioners, by the publication of such notice in due form in each of said newspapers for more than ten days last past; it appearing to my satisfaction also from the affidavit of Abram M. Fridley that there is no newspaper published in said county of Manomin, and on motion of H. R. Bigelow, of counsel for said company, no one appearing to oppose, but all parties who appeared consenting:

I, the undersigned, one of the judges of the supreme court of the state of Minnesota, in pursuance of the statute in such case made and provided, do hereby appoint George W. Armstrong and Peter Berkey of the said county of Ramsey, and Henry T. Welles of the said county of Hen-

nepin, commissioners to make under and pursuant to the provisions of *section thirteen of chapter one* of the act of the legislative assembly of the late territory of Minnesota, entitled " an act to execute the trust created by an act of Congress entitled ' an act making a grant of land to the territory of Minnesota, in alternate sections, to aid in the construction of certain railroads in said territory, and granting public lands in alternate sections to the state of Alabama, to aid in the construction of a certain railroad in said state,' and granting lands to certain companies therein named," approved May 22d, A. D. 1857, an appraisal and award of the value of any and all lands which are the private property of any person on the lines of the division or part of said railroad hereinbefore designated, and which the said company has entered upon, possessed, occupied or used, or which it may hereafter enter upon, take, possess, occupy, or use for any of the purposes for which by said act and subsequent acts amendatory to said *chapter one*, or relating to the railroad and branches therein mentioned, including the act of the legislature of the state of Minnesota, entitled " an act to legalize and confirm the organization, acts and proceedings of the First Division of the Saint Paul and Pacific Railroad Company, and in relation to the character and powers of the said company," approved February 6th, A. D. 1866, and the agreement and proceedings in said last mentioned act referred to, the said company is authorized to enter upon, take, possess, occupy, or use land. And I do hereby direct that the said petition and affidavits, together with this order, be filed in the office of the clerk of the said supreme court, and that this order be entered in said court; also that a certified copy of such papers, or any of them, may be filed in the office of the clerk of any district court wherein shall hereafter be filed

any award made by said commissioners under this order, by said company, or any person interested in any such award.

The notice of the application referred to in the order, was in the words following:

"In the matter of the appraisal and award of the value of lands appropriated by the First Division of the Saint Paul & Pacific Railroad Company for railroad purposes, on the lines of said company's railroad within the counties of Ramsey, Manomin, Hennepin and Wright.

"The First Division of the Saint Paul & Pacific Railroad Company having located the line and determined the route of a portion of its railroad, to wit: That part or division thereof extending from the terminus of said railroad in the city of St. Paul, westerly through the counties of Ramsey, Hennepin and Wright, to the western boundary line of the said county of Wright, a distance of about sixty-four miles, and from the city of Saint Anthony northerly, through the counties of Hennepin and Manomin to the northern boundary line of said county of Manomin, a distance of about ten miles, and having distinctly marked the line upon the ground over the entire route of said part or division of said railroad:

"Now, therefore, notice is hereby given that the said The First Division of the Saint Paul and Pacific Railroad Company will apply to the Honorable S. J. R. McMillan, one of the judges of the supreme court of the state of Minnesota, at his chambers in the capitol in the city of Saint Paul, Ramsey county, Minnesota, on Thursday, the 17th day of June, A. D. 1869, at 10 o'clock in the forenoon of that day, for the appointment of three commissioners under and pursuant to the provisions of *section thirteen*, (13) *chapter one,* (1) of the act of the legislative assembly of the late territory of Minnesota, entitled "an act to execute the trust

created by an act of congress entitled 'an act making a grant of land to the territory of Minnesota, in alternate sections, to aid in the construction of certain railroads in said territory, and granting public lands in alternate sections to the state of Alabama to aid in the construction of a certain railroad in said state,' and granting certain lands to railroad companies therein named," approved May 22d, 1857, to make an appraisal and award of the value of any and all lands which are the private property of any person on the lines of the division or part of said railroad herein above designated, and which the said company has entered upon, possessed, occupied, or used, or which it may hereafter enter upon, take, possess, occupy, or use for any of the purposes for which by said act, and subsequent acts amendatory of said *chapter one*, or relating to the railroad and branches therein mentioned, including the act of the legislature of the state of Minnesota entitled " an act to legalize and confirm the organization, acts and proceedings of The First Division of the Saint Paul and Pacific Railroad Company, and in relation to the character and powers of said company," approved February 6th, A. D. 1866, and the agreement and proceedings in said last mentioned act referred to, the said company is authorized to enter upon, take, possess, occupy, or use lands."

After the report and award of the commissioners thus appointed, the plaintiffs, who are owners of a portion of the lands appraised, made a motion in this court at this term, on due notice, to have the order aforesaid, and all the proceedings thereunder vacated and set aside as irregular and unauthorized, upon the following grounds:

*First.* The petition and application for such order and appointment is insufficient in this, namely: that it does not describe, or designate, the lands sought to be appropriated

Wilkin et al. v. The First Division of the St. Paul & Pacific R. R. Co.

by said company to its use; and especially, the lands of the respondents.

*Second.* It does not state what specific use the said lands are to be taken and held for, so that the court may judge whether such use is one in aid of which the right of eminent domain may be exercised, and so as to enable the commissioners to make a just estimate of the compensation to be paid.

*Third.* Neither the said petition, nor the notice of the application for the appointment of said commissioners, contains any sufficient description, or designation, of the lands intended to be so taken, or of the owners thereof, or anything which would inform owners of lands, and especially, the respondents, that their land was intended.

Masterson & Simons for the motion.

H. R. Bigelow in opposition.

*By the Court*—Berry, . .—For convenience, we will in this opinion refer to the moving parties here as plaintiffs, and to the railroad company as defendant.

The important question in the case is whether the notice of intention to apply for the appointment of commissioners, and the petition or application itself, were sufficient to authorize such appointment to be made.

The mode of exercising the right of eminent domain, whether by the state itself, or its delegates, rests in the discretion of the legislature, in so far as the legislature is not restrained by the constitution. The legislation under which the defendant claims to have proceeded in this instance, and the only legislation in point, is found in *section* 13, *chapter* 1, *Extra Session Laws* 1857. We do not understand the constitutionality of this legislation to be questioned,

or if it be, we are not directed to, nor do we discover, any provision of the constitution which it violates. It is the section cited, then, which is to furnish the rule by which the sufficiency of the application and notice is to be determined.

So much of the section as is material to be considered, reads as follows : "Whenever the line of said railroad and branches, or any part thereof, shall be located, and its route determined, the said company may apply to the supreme, district, or county court in session, or any judge thereof in vacation, for the appointment of three commissioners to make an appraisal and award of the value of any and all lands, which are the private property of any person on the line of said railroad and branches, or any division, or part thereof, which shall be designated in such application, and which the said company shall have entered upon, possessed, occupied, or used, or which it may thereafter enter upon, take, possess, occupy, or use for any of the purposes for which by this act the said company is authorized to enter upon, take, possess, occupy, or use lands. The said company shall give notice of its intention to apply for the appointment of such commissioners by publishing the same at least ten days before the time for hearing such application, * * * and upon an affidavit of the publication, * * * the court, or judge, to whom the application shall be made, shall appoint three commissioners, who shall have cognizance of all cases arising on the line or route of said railroad and branch, or any division or part thereof, which shall be designated by said company in such application, and they shall proceed to examine the premises in each case separately, having first given such notice as they may deem reasonable to such owner, guardian or husband, and at least five days personal notice to such owner if resident in the county, * * * ." The plaintiffs contend that the

word "designated" refers to the word "lands," and that therefore the defendant's application and notice were fatally defective, because the "lands" entered upon, &c., were not designated, that is to say, particularly described therein. The defendant, on the other hand, contends that the word "designated" refers to the words "or any division or part thereof," so that so far as this particular matter is concerned, the application and notice are sufficient if they specify the division or part of defendant's railroad in reference to which the appointment of commissioners is prayed for. We think the defendant's construction correct. The word "designated" occurs twice in the passage which we have quoted from the statute, and in both instances it appears to apply to the same thing. In both instances it immediately follows the clause, "or any division or part thereof," to which it therefore naturally may, and, as we think, does refer.

The plaintiffs' construction would make it apply in the first instance to the word "lands," and in the second to the word "cases," but as these words do not signify the same thing, and as neither the word "cases," nor any other of like signification is used at all in that portion of the section which prescribes, (so far as they are prescribed) the contents of the application, we think the plaintiffs' construction is not natural or reasonable. The incorrectness of the plaintiffs' construction is made, we think, still more apparent when we consider that if "designated" refers to lands, it would be requisite for the application to describe particularly, not only the lands which the defendant *had* entered upon, possessed, occupied, or used, but those which it might *thereafter* enter upon, take, possess, occupy, or use, which latter it would seem to be impossible to describe at the time of presenting the application. · In our opinion, then, it was

not necessary that the "lands" referred to should be "designated," that is to say, particularly described in the application or notice. The reference to the lands as being on the line of the part or division of defendant's railroad designated in the application, notice and order of appointment, is a sufficient compliance with the statute. The word "near" found in the application, in the expression—"on and near the line," &c., if it be objectionable, may well be treated as harmless surplusage, since it does not appear in the notice, nor in that portion of the order of appointment which prescribes the duties and powers of the commissioners.

The plaintiffs further urge in support of their motion to set aside the order appointing the commissioners, that the petition or application for such order "does not state what specific use the lands are to be taken and held for, so that the court may judge whether such use is one in aid of which the right of eminent domain may be exercised, and so as to enable the commissioners to make a just estimate and award of the compensation to be paid."

They further insist that "neither the petition nor the notice of application contains any sufficient description or designation of the lands intended to be taken, or of the owners thereof, or anything which informs any owners of land that their land was intended." As to the first of these objections we need only say that the statute (sec. 13, before cited) does not require the specific use for which the lands are to be taken and held, to be stated in the petition or application, and therefore, for reasons before given, it is not necessary that such specific use should be therein stated. It does not follow, however, that because such specific use is not stated in the petition, the commissioners would be authorized to appraise lands which the company had no

Wilkin et al. v. The First Division of the St. Paul & Pacific R. R. Co.

right to take, or that the company could take them if appraised. Neither does it follow that because such specific use is not stated, the company may not be compelled to disclose the intended use before the commissioners, so that the award may be made with reference to the same.

As to the second objection, it is a sufficient answer to say that the petition and notice of application contain all the description and designation of the lands and their owners which the statute (*sec.* 13, *supra,*) requires. Both of these objections are of a kind to be addressed to the legislature rather than to this court. And while as a matter of fairness, and to make the notice more effectual as a notice, as well as for other purposes, it might have been wise legislation to have required the company to take some or all of the steps, the want of which is objected to in the case at bar, still it is to be borne in mind, that the locating a railroad, and the determining of its route, are ordinarily matters of general notoriety in the localities where they take place; that the commissioners are appointed by a presumed impartial tribunal or officer; that after their appointment they are required to give notice to the owners of lands before proceeding to examine the same, and finally that the land owner has his right of appeal from their award, to the district court, and the privilege of a trial by jury.

The plaintiffs' motion must be denied.