Schermeely v. The Stillwater & St. Paul Railroad Co.

---

## WILLIAM SCHERMEELY.

*vs.*

## THE STILLWATER AND ST. PAUL RAILROAD COMPANY.

Carli *vs.* Stillwater and St. Paul Railroad Company followed *Ante* 260.

An appeal having been taken in this case from an award of commissioners for an unqualified right of way taken by said company, the attorney for the company upon the trial offered that it be made part of the decree to be entered in the case, that appellant should

have a perpetual right of way across the land taken by the company for its right of way, and that the company should build and perpetually maintain such crossing ; and requested the court to charge the jury that such offer might be considered by them as affecting the amount of compensation to be paid for the land so taken. *Held*, that the court properly refused to charge as requested, on the ground stated in its fourth instruction, to wit : "that the proposition made is not within the subject matter of the appeal."

In this case an appeal was taken by the plaintiff to the district court for Washington county, from an award of commissioners assessing damages for land taken by defendant. The cause was tried, the jury rendering a verdict for plaintiff for a much larger sum than the award. The defendant moved for a new trial, which was granted, and from the order granting the same the plaintiff appeals to this court.

The questions passed upon by this court are stated in the opinion.

Brisbin & Palmer for Appellant.

H. R. Murdock for Respondent.

*By the Court*—Berry, J.—All the questions presented by this case, except one which is peculiar to it, are determined in *Carli vs. The Stillwater and St. Paul R. R. Co.*, decided at this term.

The order granting a new trial must be affirmed in this case, as in that, and for the same reasons. It is expedient, however, with reference to any future trial, that we should consider the question peculiar to this case—a question which arises upon the following state of facts.

The present appellant appealed to the district court for Washington county, from a commissioners' award of com-

pensation for right of way (taken for its railroad by the respondent) over the front part of a lot owned by appellant, upon the rear of which lot appellant had a pop factory, close up to the front of which the right of way extended.

After the close of the testimony, but before the case was submitted to the jury, respondent's attorney offered in open court, "that it be made part of the decree to be entered in the case, that the appellant should have a perpetual right of way across the land taken by the railroad company, and that the railroad company should build and perpetually maintain such crossing."

Respondent also requested the court to instruct the jury, "that the offer of the respondent to allow to Schermeely a perpetual right of way across its track on his premises, and to build and maintain such crossing for him, may be made a part of the judgment in this action, and may be considered by the jury as affecting the amount of compensation to be given by the jury for the taking of this land."

In our opinion the court rightly refused to so charge.

Whether the reason given by the court for the refusal, viz: that no authority was shown by respondent's attorney to make the proposition, was sound or not we will not now inquire.

The fourth instruction given to the jury at appellant's request, to wit: that "the proposition made is not within the subject matter of the appeal, and cannot be considered," furnishes, we think, good ground for the refusal to give the instruction prayed for by respondent.

The commissioners had awarded the compensation to be paid for the taking of appellant's land for a right of way, unqualified by any obligation on the part of the company to build and maintain, and permit appellant to use a crossing over the land so taken.

It was from the award made for a right of way of such a character, that the appeal was taken to the district court, and as the jurisdiction of the district court was purely appellate, the scope of the appeal was to secure a re-trial of the same matter submitted to and passed upon by the commissioners.

Nothing more than this simple statement would seem to be required to show that the proposition made was entirely foreign to the appeal, and not proper to be considered by the jury in the case.   Order affirmed.