Rippe v. The Chicago, Dubuque and Minnesota Railroad Co.

----

HENRY RIPPE

*vs.*

THE CHICAGO, DUBUQUE and MINNESOTA RAILROAD COMPANY.

Respondent appealed from the commissioners' award of damages for right of way. Said appeal coming on for trial, the district court, on his motion, made an order dismissing the petition and all subsequent proceedings thereunder. Order reversed, following *Turner et al. vs. Halleran et al.*, 11 *Minn.* 253, and *Warren vs. First Div. St. Paul & Pac. R. R. Co.*, 18 *Minn.* 384.

Appeal by defendant from an order of the district court for Houston county. The case is fully stated in the opinion.

S. P. ADAMS, WM. H. HARRIES, and C. H. BERRY, for Appellant.

MITCHELL & YALE, for Respondent.

*By the Court.*—RIPLEY, CH. J.—On the petition of the railroad company, the district court, by an order dated Dec. 15, 1871, appointed commissioners under *Gen. Stat.*, *ch.* 34, *t.* 1, *sec.* 15, to appraise the respondent's damages in respect of the land proposed to be taken for the purposes of the railroad, who made an appraisement and award accordingly, from which the respondent duly took an appeal to the district court, and at the May term of said court for Houston county, said cause was duly placed upon the calendar of said court for trial. Said cause being called for trial in its order upon the calendar, respondent moved to dismiss said petition and all proceedings in said matter subsequent thereto, on the ground of the insufficiency of said petition. After hearing the counsel for the respective parties, the court granted the motion, and ordered the petition and all subsequent proceedings to be dismissed, and the company appeal from such order to this court.

The appeal brought before the court only the question of the propriety of the amount of damages awarded. The whole scope of the appeal was to secure a re-trial of the matter submitted to and passed upon by the commissioners. *Turner et al. v. Halleran et al.*, 11 *Minn.* 253 ; *Schermerly v. The Stillwater and St. Paul R. R. Co.*, 16 *Minn.* 506.

The district court, therefore, erred in dismissing the petition and subsequent proceedings, *i. e.*, in dismissing the cause. *Turner et al. v. Halleran et al., supra ; Warren v. 1st Div. St. P. & Pac. R. R.*, 18 *Minn.* 384. This case cannot be distinguished from *Turner et al. v. Halleran et al.* The analogy is perfect. *Warren v. 1st Div. St. P. & Pac. R. R., supra.* It is governed by the decision in that case and Warren's case. In the latter case the point is so fully discussed that it is unnecessary to add anything to what is there said.

The order appealed from is reversed.