HENRY RIPPE *vs.* CHICAGO, DUBUQUE & MINNESOTA RAILROAD COMPANY.

June 21, 1875.

Eminent Domain—Insufficiency of Bond given to secure Judgment below, no Ground for Dismissing Appeal.—In proceedings by the appellant to acquire title to lands for the purposes of its railroad under Gen. St. ch. 34, the owner having appealed to the district court from the award of the commissioners, the company, in order to obtain the right to go on with the construction of its road over the lands, notwithstanding the appeal, filed a bond under § 23 of said chapter, and took possession of the lands. After verdict and judgment in the district court, the company appealed to this court, filing the proper bond for costs, etc. Upon an application to this court by the respondent, alleging the insufficiency of the bond so filed by the company under § 23, for an order requiring the company to file a new bond under that section, and to make a deposit of the damages awarded by the verdict,

or that, in default thereof, the appeal be dismissed, *Held*, that this court has no authority to require, as a condition of retaining an appeal, that the appellant secure the judgment below.

Motion that appellant (defendant) be required to file a bond as stated in the opinion, and that, in default thereof, the appeal be dismissed.

*Thomas Wilson*, for the motion.

*C. H. Berry*, opposed.

GILFILLAN, C. J.   The appellant is a railroad company, incorporated under the general laws of this state.   In proceedings instituted by it to acquire the easement in lands of this respondent, for the use of its road, the respondent, after the award of the commissioners was filed, appealed from such award to the district court.   After such appeal the company filed the bond required by Gen. St. ch. 34, § 23, and entered upon the lands, and used the same in constructing its road and buildings.   Upon the trial in the district court the damages assessed were considerably increased.   From the judgment in that court the company brought an appeal to this court, and executed the proper bond for costs, etc., but no bond to stay the judgment below.   The regularity of the appeal is not questioned. The respondent now moves this court—upon affidavits alleging that the sureties in the bond filed by the company, under said § 23, are all non-residents of this state, and are all insolvent, that the company has become insolvent, and is in the hands of a receiver, and that, by taking his land, removing his buildings therefrom, and erecting its buildings thereon, it has greatly damaged him—for an order requiring the company to file a new bond in lieu of that filed under § 23, and to deposit the amount of damages awarded by the verdict, and, in default thereof, dismissing the appeal to this court.

It is admitted that the company did all that is required by statute to perfect its appeal to this court.   The right of appeal is given by the statute, and we have no authority to

deprive a party of it, nor to attach to it any other conditions than those imposed by statute. We may have authority, perhaps, to require an appellant to renew the bond, which must be given to perfect the appeal, if, pending the appeal, the sureties should become insolvent; but we have no authority to require of an appellant, as a condition of retaining his appeal, that he secure the judgment below, either by deposit or by a bond.

The bond which we are asked to order renewed was given to secure the judgment which should be rendered in the district court. It was not filed with a view to this appeal, and is in no way connected with it. The right to appeal is as complete, and the proceedings taken to perfect it as regular, if no such bond is filed, or if it is wholly insufficient under § 23, as if a perfectly good bond be filed. The motion, therefore, cannot be granted. If the respondent has any remedy by reason of the state of facts which he alleges, it is not in this court. Whether he may have one by application to the district court, and, if so, what remedy, is not before us for decision.

Motion denied.