HENRY RIPPE vs. CHICAGO, DUBUQUE & MINNESOTA RAIL-
ROAD COMPANY.

May 15, 1876.

Judicial Notice of Matters in Record of Former Appeal in Same Action.—Where evidence of a proceeding in a cause is contained in a return on file in this court, made in a former appeal of the same cause, it is competent for the court to refer to such return to ascertain the character of such proceeding.

Eminent Domain—When Title of Claimant Cannot be Disputed by Company on Appeal.—In condemnation proceedings, taken under the general railroad act, an appeal from an award of damages, made by commissioners therein, only brings before the district court the propriety of the amount of such award, where, as in this case, the petition for the appointment of commissioners particularly specifies the property to be condemned, names the contesting claimant as its sole owner, and a trial is had, and an award is made by them upon that basis, with the consent of both parties.

Evidence—Use of Plat by Witness.—When the accuracy of a plat is verified by a witness as correctly representing the relative situation and location of certain lots with reference to other property, it is not error to allow such witness, on his examination, to use the plat in pointing out to the jury such lots, their situation and location.

Mississippi River—Riparian Owners.—An owner of lots abutting on the Mississippi river possesses the riparian right of constructing thereon suitable landings and wharves for the convenience of commerce and navigation, and to extend such construction out into the river to the point of navigability.

Same—Evidence of Possession of River-bank.—In view of the issue in this case, certain evidence tending to show the extent, character, and duration of plaintiff's possession of certain lots, and a long-continued acquiescence therein on the part of the original patentee and intermediate grantees, held competent upon the question whether, in fact, they abutted on the river.

Evidence—Value of Wheat-warehouse.—Testimony tending to show that a warehouse, erected for the storage and shipment of wheat, etc., possessed superior facilities over other structures of a like character in the same vicinity for transacting such business cheaply, by reason of the manner of its construction, and more favorable location with reference to the river, is competent evidence upon the question of value.

**Verdict Sustained on the Evidence.**—There is sufficient competent evidence in this case to support the amount of the verdict, and to preclude any interference by the appellate court.

The defendant instituted proceedings to condemn, for the purposes of its railway, certain lots of plaintiff on the Mississippi river, on one of which was a wheat-warehouse. The plaintiff appealed from the award of the commissioners to the district court for Houston county, where a trial was had before *Page*, J., and a verdict rendered for an amount larger than that awarded by the commissioners. A new trial was refused, and the defendant appealed.

*S. P. Adams*, *William H. Harries* and *C. H. Berry*, for appellant.

*Thomas Wilson*, for respondent.

CORNELL, J.   None of the proceedings herein, prior to the report of the commissioners, are contained in the return and paper-book now before us ; but, as this case has heretofore been before this court on an appeal from an order dismissing the petition and subsequent proceedings, it is competent and proper to refer to the return then made, and now on file, for the purpose of ascertaining the character of the petition and order which constitute the foundation of these proceedings.   By such reference it is ascertained that the company, claiming to be a railroad corporation organized under the general laws of the state, with power and authority to construct a railroad over a certain line or route therein specified, and desiring to acquire the title to certain lands, etc., which it deemed necessary to take and appropriate for the purposes of its enterprise, sought the appointment of commissioners to ascertain and appraise the amount of damages occasioned thereby to the owners, respectively. It is stated in the petition, *inter alia*, that "the land, property, and real estate which it will be necessary to take, appropriate, and use for the purposes of said enterprise, together with the names of the owners of said property, so far as the same are known," are as follows, namely, " a

strip of land, 100 feet wide, of each" of certain therein-described government subdivisions, and also certain village lots, described as "lots in the village of Brownsville, Minnesota, numbered 140, 141, 142, and 143," of which last-numbered lots Henry Rippe is named as the owner.

The order appointing the commissioners was based upon the petition, and follows it. It appears from their report that they examined the line of the road as laid across these lots, heard the respective parties claiming an interest in the matter, etc., and awarded a certain amount of damages for each of said lots to said Rippe, as such owner. In other words, Rippe was regarded and treated, in the controversy before them, as the sole claimant and owner of the lots, no other party appearing to claim any interest, lien or estate therein; and the damages awarded were in respect to the entire estate and interest which the company, under its proceedings, had the right to acquire in and to said lots, and for all injuries sustained by the absolute owner of such estate by reason of such taking and appropriation. From the award thus made, Rippe, as absolute owner, appealed to the district court, on the ground of its insufficiency in amount. It nowhere appears, in any of the proceedings, that he ever occupied any other or different relation thereto than the one which the company gave him in its petition—that of absolute owner in fee of the entire premises—and it must be assumed that his appeal was brought and prosecuted in that character.

On the trial of the appeal the evidence established the uncontroverted fact that, at the commencement of these proceedings, Rippe was, and for a long time prior thereto had been, in the actual and undisturbed possession and occupancy of the lots, claiming to be their sole owner in fee, and it did not appear that any one was claiming any adverse estate or interest whatever therein. It was, however, objected by the company, during the trial, that, in order to enable the plaintiff to introduce evidence tending

to show the value of said premises, it was necessary for him to show title thereto other than that evidenced by possession ; which was overruled by the court.   Defendant also introduced in evidence a patent from the United States to one McPhail, showing title in fee in said premises in himself ; and plaintiff, in reply, introduced record evidence of several intermediate conveyances from McPhail to Rippe, whereby, it is claimed, he became invested with the fee of said premises, and several questions were raised and decided in regard to the admissibility of such record evidence.   Upon the issue thus made by the evidence the jury found the title in fee to said premises to be in the plaintiff, and the question is now raised in this court as to the correctness of the various rulings of the court below in connection with this subject.

In this same case (20 Minn. 187) this court, in speaking of the appeal to the district court, say : " The appeal brought before the court only the question of the propriety of the amount of damages awarded.   The whole scope of the appeal was to secure a retrial of the matter submitted to and passed upon by the commissioners," citing *Turner* v. *Holleran*, 11 Minn. 253, and *Schermeely* v. *Stillwater & St. Paul R. Co.*, 16 Minn. 506.   In the case of *Knauft* v. *St. Paul, Stillwater & Taylor's Falls R. Co.*, similar to the present in respect to the petition, which was decided at the April term, 1875, but is not yet reported,[1] the point was distinctly presented whether any evidence of title on the part of the claimant to the property taken by the company, and which was the subject-matter of the award appealed from, was necessary on his part, on the trial of the appeal, and the court held that it was not.   So, in the case of *Trogden* v. *Winona & St. Peter R. Co.*, recently decided,[2] it was held that, in proceedings of this character, the sole matter to be submitted to and passed upon by the

[1] Since reported, 22 Minn. 173.
[2] 22 Minn. 198.

jury is that which was considered and determined by the commissioners in making their award.

These cases are decisive of the present, so far as the question now under consideration is concerned. The company had asked for the condemnation of certain lots upon which they had located their road, and which, they alleged, belonged to Rippe. There was no controversy before the commissioners as to the ownership, nor as to the character and extent of Rippe's interest. The award was made in reference to the entire estate in fee in the lots, and not in respect to any less estate, nor to any undivided or other interest therein. The matter for retrial, therefore, before the jury, was the propriety of the amount of such award in respect to such estate in fee, as an entirety and unencumbered. The submission to the jury of any other question would not have been the one which was submitted to and passed upon by the commissioners. The company, in our judgment, was estopped from denying before the jury that the plaintiff had any title or estate in the premises, or from asserting that he had any other or different estate or interest than that attributed to him in the proceedings, and in respect to which the commissioners had awarded damages. Hence, the issue raised by the evidence and submitted to the jury upon this question was irrelevant. As their verdict, however, was in favor of plaintiff, no prejudice resulted. In view of these considerations it becomes unnecessary to examine the rulings of the court upon the record evidence offered and introduced on the part of plaintiff in support of his title, or upon that offered by defendant to controvert the same. It also follows that no error can be predicated upon the ruling of the court, that possession of the lots in question by plaintiff was *prima facie* evidence of title in fee, and sufficient, on his part.

It is objected as error that the plaintiff, on his examination as a witness in his own behalf, was permitted the use of a

certain plat of the town of Brownsville, to aid him in identifying the premises, but for no other purpose.   So far as the witness, from his own knowledge of the premises and their surroundings, was able to verify the accuracy of such plat as being a correct representation of the situation of the lots in controversy, in reference to each other, to the river, to contiguous streets, and other lots in Brownsville, and was allowed from such knowledge to point out to the jury, therefrom, such their relative situation, there was no error ; but the witness seems to have been allowed, without any specific objection, to testify as to the size of the lots as they appeared from the map.   This, of course, was inadmissible, and, under proper objection, would have been error ; but, as the same facts shown by the plat were abundantly established by other competent evidence, it could have worked no prejudice, and furnishes no ground for a retrial.

Conceding that these lots abutted on the Mississippi river, a legally-declared public highway, there can be no question but that their owner possessed the riparian right of constructing thereon suitable landings and wharves for the convenience of commerce and navigation, (*Dutton* v. *Strong*, 1 Black, 23 ; *Railroad Co.* v. *Schurmeir*, 7 Wall. 272,) and to extend such constructions out into the river to the point of navigability. *Dutton* v. *Strong*, 1 Black, 23.   Whether these lots were, in fact, so bounded on the river was a question of fact for the jury, upon the whole evidence, under proper instructions by the court.   The testimony introduced, tending to show how they had always been used, and the extent, character, and duration of plaintiff's possession without question, and with the full knowledge and acquiescence of the patentee from the government, and the intermediate grantees, was competent evidence bearing upon this point, proper to be submitted to the jury, under suitable instructions, which it must be presumed were given in this case.

That the value of a warehouse in any given locality depends somewhat upon its facilities for accommodating and

doing cheaply the business required of such a structure at such a place, as compared with other buildings of like character in that vicinity, is too apparent for argument. The testimony tending to show that wheat could be handled at less expense in plaintiff's warehouse in that place, by reason of the manner of its construction and its more favorable location in reference to the river, was unobjectionable.

There is sufficient competent evidence as to the value of the property in question upon which to support the verdict of the jury as to the amount of damages, and to exclude any inference by the appellate court that it was the result of passion or prejudice. Nor is the amount of the verdict such as to raise any presumption that the jury was unduly influenced by any statements or expressions of opinion, by counsel, as to the value of certain testimony, or concerning the merits of the case, or by any peculiarity in his manner while addressing the jury in summing up the case.

Judgment affirmed.