ELIZABETH W. WHITACRE *vs.* SAINT PAUL & SIOUX CITY RAILROAD COMPANY.

December 13, 1877.

Railroad—Condemnation Proceedings—Verdict on Appeal—Time When Damages Presumed to Have Occurred.—Where the verdict rendered upon the trial of an appeal from an award of commissioners in condemnation proceedings under defendant's charter is for a gross sum as damages, but is silent as to the time when such damages accrued, the presumption is that the verdict, in this respect, relates to the time when the award appealed from was filed by the commissioners.

Same—Same—Same—Interest Which Court May Allow on Verdict.—On such a verdict it is competent for the district court, on motion, to allow interest from the filing of the award to the time of the entry of judgment thereon, and to include the same in the judgment.

Appeal by defendant from the judgment of the district court for Ramsey county, entered upon a verdict rendered upon the trial of an appeal from the award of commissioners in proceedings to condemn certain land for the use of the defendant railroad, which included interest on the verdict

from the filing of the award to the entry of the said judgment.

*E. C. Palmer*, for appellant.

*Gilman, Clough & Lane* and *R. B. Galusha*, for respondent.

CORNELL, J.  What matters were involved for determination on the trial of the appeal herein in the district court depends upon the following statutory provision, which is made a part of defendant's charter by section 3, c. 73, Sp. Laws 1870 : "Appeals shall bring before the appellate court the propriety of the amount of damages in respect to the parties to the appeal, and, unless the parties otherwise agree, the matter shall be submitted to a jury and tried, as other appeal cases are tried, and the court or jury, as the case may be, shall re-assess the damages aforesaid, making the verdict conform to the justice and facts of the case; but the rule for ascertaining and fixing such damages shall be based upon the same principles that the commissioners are required to adopt in originally appraising and determining such damages."

In construing this and like provisions in the charters of other companies this court has repeatedly held that, upon the trial of such an appeal, the jury is required by its verdict to ascertain and determine the claimant's damages as of the date of the taking of the property by the company, which is constructively the time when the award of the commissioners is made and filed.  In other words, they must re-assess the damages awarded by the commissioners, in respect to the property taken, as of the date of filing the award and with reference to the condition of things then existing.  "The whole scope of the appeal is to secure a re-trial of the same matter submitted to and passed upon by the commissioners." *Winona & St. Peter R. Co.* v. *Denman*, 10 Minn. 222, (283;) *Murphy* v. *St. Paul & S. C. R. Co.* 19 Minn. 500; *Curtis* v. *St. P. S. & T. F. R. Co.* 20 Minn. 33, 34; *Sherwood* v. *St. P. & C. R. Co.* 21 Minn. 122, 125; *Warren* v. *F. Div. St. P. & P. R. Co.* 21 Minn. 424; *Trogden* v. *W. & St. P. R. Co.*

22 Minn. 199; *Rippe* v. *C. D. & M. R. Co.* 20 Minn. 187; *Rippe* v. *C. D. & M. R. Co.* 22 Minn. 44.

In the absence, then, of anything in the record indicating the contrary, it must be presumed that the verdict in this case had reference to the amount of damages which the claimant, Mrs. Whitacre, was entitled to recover of the company at the time the award appealed from was filed, which was the twenty-seventh day of June, 1874. The right of the district court to allow interest upon the amount of such verdict to the time of the entry of judgment thereon is decisively settled by the case of *Warren* v. *F. Div. St. P. & P. R. Co., supra,* and need not be further considered. These being the only points made or presented by either party the judgment appealed from is affirmed.