### JOHN JOHNSON vs. CITY OF BOSTON.

Middlesex.   Jan. 12. — Feb. 24, 1881.   COLT & FIELD, JJ., absent.

By the St. of 1872, c. 177, §§ 1, 4, authorizing the city of Boston to take, hold and convey into the city all the water of Sudbury River, and the water of Farm Pond, and the waters that may flow into and from said river and pond, and to take any water rights in or upon said river or pond in or above a certain town, or connected therewith; and providing that nothing contained in the act shall be construed to prevent the inhabitants of certain towns "from taking from the Sudbury or Assabet Rivers or Farm Pond so much of the water hereby granted as shall be necessary for extinguishing fires and for all ordinary domestic and household purposes," the owner of land in one of the towns named, through which a tributary of the Sudbury River flows, is not deprived of the right to use the water of such tributary stream for domestic purposes.

At the trial of a petition for the assessment of damages for land taken by a city for a storage reservoir, under the St. of 1872, c. 177, evidence is admissible to show that the use of the land taken as a storage basin will necessarily render the petitioner's dwelling-house on his remaining land unhealthy as a residence.

MORTON, J.   This is a petition for the assessment of damages for land taken by the defendant for a storage reservoir, under the St. of 1872, c. 177.   The petitioner's land is situated in Framingham, and Stony Brook, a tributary of the Sudbury River, runs through it.   One of the questions at the trial was whether, under the statute, the petitioner was deprived of the right to use the waters of Stony Brook for ordinary domestic and household purposes.   The first section authorizes the city of Boston to take, hold and convey into the city " all the water of Sudbury River," " and the water of Farm Pond," " and the waters which may flow into and from said river and pond, and to take any water rights in or upon said river or pond, in or above the town of Framingham, or connected therewith."   The fourth section provides that " nothing contained in this act shall be so construed as to authorize the city of Boston to reduce the water in Sudbury River " below a certain height, " or to prevent the inhabitants of the towns of Framingham, Ashland, Southborough, Hudson and Westborough, from taking from the Sudbury or Assabet Rivers or Farm Pond so much of the water hereby granted as shall be necessary for extinguishing fires, and for all ordinary domestic and household purposes, and for the generation of steam, or from cutting and carrying away ice from said

pond; or as to prevent the Boston and Albany Railroad Company, or the Mansfield and Framingham Railroad Company, or the Boston, Clinton and Fitchburg Railroad Company from taking water from Farm Pond, for use in locomotive or other engines, or for other railroad purposes, under such regulations of the city council of the city of Boston as may be essential for the preservation of the purity of the same." The petitioner contends that, by these sections, he is deprived of the right to use the water of Stony Brook for domestic purposes, and should have damages allowed him therefor.

If we were to adopt the strictest construction of the language of § 4, such might be the result. But we do not think that this was the intention of the Legislature. There is no reason why the inhabitants who border upon the small tributary streams which run into the Sudbury River should not have the right to use the water for domestic purposes, as well as those who border upon the Sudbury River. It is true that, in the clause saving to the inhabitants the right to take so much of the granted waters as shall be necessary for extinguishing fires or for domestic purposes, the small tributaries which flow into the Sudbury River are not specifically mentioned, but we think it is apparent from the whole scope and spirit of the statute that the Legislature intended to include them in the saving clause. We are therefore of opinion that, by the true construction of § 4, there is reserved to the inhabitants of the towns named the right to take water necessary for extinguishing fires and for domestic purposes, not only from the Sudbury River and the Assabet River, but from the small tributary streams which are connected with and whose waters form part of the water of the Sudbury River. This was substantially the view adopted in the rulings at the trial; and the exceptions thereto cannot be sustained.

The petitioner offered evidence of medical experts to show that the use of the portion of his land taken, consisting of about thirty acres, as a storage basin, would necessarily render his dwelling-house unhealthy as a residence. The court excluded the evidence, and ruled "that the plaintiff could not in this action recover damages for a nuisance in the nature of an injury to health occasioned by the acts of the defendant." We are of opinion that the evidence offered was competent. By § 5, the

city of Boston is made "liable to pay all damages that shall be sustained by any persons in their property, by the taking of or injury to any land, real estate, water or water rights, or by the flowage of the lands of any persons."

The city having taken a part of the petitioner's land for a storage reservoir, he was entitled to recover, not only compensation for the land taken, but also for such injury to his remaining land as is caused by the appropriation of a part of it for the uses for which it is taken. If the effect of such appropriation of a part is to diminish the value of the remainder of the lot, he is entitled to recover for such injury. *Presbrey* v. *Old Colony Railroad*, 103 Mass. 1. *Walker* v. *Old Colony Railroad*, 103 Mass. 10. It is competent for the petitioner to prove any fact which tends to show that the maintenance of the storage reservoir will impair the value of his whole lot of which it is a part. If it is so situated in regard to his house that it would necessarily render it unhealthy as a residence, this fact, according to the common experience of all men, would lessen the value of the house. He has no remedy for this injury except by this petition. The Legislature having authorized the city to maintain this reservoir, it cannot be regarded as a nuisance, and he cannot maintain any action against the city so long as it exercises only the rights conferred upon it by the statute. The petitioner did not offer to show an injury to his health occasioned by the acts of the defendant, but to show that the effect of the appropriation of the land taken for the uses for which it was taken was to diminish the value of the whole lot. We think this evidence should have been submitted to the jury with the other evidence in the case.                    *Exceptions sustained.*

*J. G. Abbott*, for the petitioner.

*E. P. Nettleton*, for the respondent.