TEXAS AND ST. LOUIS RAILWAY COMPANY v. CELLA.

1.  RAILROADS:  *Damages for right of way: Value of the land.*
    In estimating the damages for right of way for a railroad, evidence of the value of the land before the projection of the road is not admissible. The inquiry must be confined to its value at the time of appropriation.

Texas and St. Louis Railway Company v. Cella.

2. SAME: *Same: Elements of damage.*

The cost of additional fencing required by the building of a railroad, and the increased danger of fire, are proper elements of damages for a right of way.

APPEAL from *Miller* Circuit Court.

Hon. C. E. MITCHEL, Circuit Judge.

*L. A. Byrne* for appellant.

1. The verdict was excessive; so much so as to show passion, prejudice, or incorrect appreciation of the law applicable to the case. *39 Ark., 387.*

2. Owner not entitled to increase of value derived from the contemplated railroad as part of his damages. *Pierce on R. R., p. 219; Const., art. 12, sec. 9.*

3. The court erred in instructing that extra fencing was an element of damage, when there was no proof that any extra fencing would ever be required. Increased liability to damage by fire not an element of damage. *57 Iowa, 636.*

*Oscar D. Scott* for appellee.

Argues upon the evidence, and contends that the verdict is not excessive. A crib was upon the right of way, for which appellee was entitled to be paid. (*Mills on Em. Dom., sec. 223.*) Increased danger from fire, inconvenience in crossing, etc., elements of damage. *Ib., sec. 162.*

Testimony of what land of like character and grade was selling for, inadmissible. (*Ib., sec. 170.*) Nor was the valuation made by the assessor admissible. *5 Gray, 35.*

The instructions correctly announce the law.

SMITH, J. This was a proceeding by the railway company to condemn a right of way through one corner of a tract of land containing forty acres. The jury assessed the

34

owner's damages at $250. It is insisted that that was excessive.

The land was worth $12 or $15 per acre. The improvements consisted of a dwelling house and corn crib, estimated in value at $270 to $335. The land lay two or three miles from Texarkana, and the owner had bought it for a summer residence. The railroad ran through the tract for the distance of 308 yards, consuming one acre in the right of way, and cutting off another acre, which lay detached from the main body on the opposite side of its track. The crib was only thirty feet from the track and included within the right of way, but the owner was still permitted to use it. The house was seventy five or one hundred feet from the track and its value for residence purposes was much impaired by the proximity of the road; insomuch that, according to one of the two witnesses for the petitioning company, the value of the whole tract at the date of the appropriation was as stated above, and afterwards only eight or ten dollars. It is in vain to appeal to us to set aside a verdict for this cause, when it is supported by all of the evidence offered for the successful party, and by one-half of that offered for the defeated party.

1. RAIL-
BOADS:

Damages for right of way: Value of land.

The company proposed to show what was the value of the land before its road was projected, but the court properly confined its inquiry to the market value of the land at the time it was taken.

2. Elements of damage.

An exception was reserved to a direction, by which the court told the jury, in arriving at the *quantum* of damages, to take into consideration the cost of extra fencing required in consequence of the building of the road, and the increased exposure to fire. These are proper elements of damage. *St. L., Ark. & Tex. R. R. v. Anderson, 39 Ark., 167.*

Affirmed.