THE ST. LOUIS, FORT SCOTT & WICHITA RAILROAD
COMPANY v. TIMOTHY MCAULIFF.

1, CONDEMNATION PROCEEDINGS — *Special Findings Control Verdict.*
Upon an appeal from the award of commissioners in a condemnation
proceeding, the special findings of fact of the jury, stating the dam-
ages allowed to the land-owner against the railroad company, control
the general verdict.

2. ―――― *Elements of Damages.* Where a part of a farm is taken for
railroad purposes, inconvenience to the farm and danger from fire
to buildings, fences, timber, or crops upon the remainder, may prop-
erly be considered in estimating the depreciation in the value of the
property.

3. ―――― *Elements of Verdict.* Where the jury specially find the
amount of the depreciation in value of the whole tract of land by
reason of the construction of the railroad through a part of it, such
sum must necessarily include the elements of damages causing such
depreciation, like inconvenience, and danger from fire.

*Error from Harvey District Court.*

ON the 22d day of March, 1886, the district judge of
Harvey county appointed three commissioners to condemn a
right-of-way through that county for the *St. Louis, Fort Scott
& Wichita Railroad Company.* In the discharge of their
duties the commissioners condemned a strip of land through
the east half of the southwest forty of the northeast quarter
of section 6, township 23, range 1 east, belonging to *Timothy
McAuliff,* and awarded McAuliff for the land taken, and for
damages to the land not taken, the sum of $110. He ap-
pealed from the award of the commissioners, and on March
1, 1887, filed a petition claiming as his damages the sum
of $1,500, with interest thereon from the 24th day of
March, 1886. Subsequently, the railroad company filed its
answer denying that McAuliff was the owner of the prem-
ises through which the right-of-way had been laid out, and
also denying that he was entitled to any damages what-
ever. To this answer McAuliff filed his reply, and on the
10th of June, 1887, trial was had before the court with a

jury.   The jury returned a verdict for McAuliff, and assessed the amount of his recovery at $295.05.   The jury also made the following special findings of fact:

"1. What do you find was the market value of the land actually taken on May 24, 1886 ?   A. $80.

"2. What do you find was the actual market value of the parcel of land south of the railroad track May 24, 1886 ? A. $120.

"3. What do you find was the amount of damage to that tract of land lying south of railroad track ?   A. $80.

"4. What was the damage, if any, to the tract of land north of the railroad track ?   A. $50.

"5. What was the damage, if any, to the eighty acres of land known as the east half of the northeast quarter of section 6, township 23, range 1 east, by reason of the construction of defendant's railroad, and in what did such damage consist ?   A. Directly, there is no damage; indirectly, there is a probable damage.

"6. What was the market value per acre of that forty-acre tract of land belonging to plaintiff, described as the southwest quarter of the northeast quarter of said section 6, May 24, 1886, and before the location of the right-of-way through it ? A. $40 per acre.

"7. What elements have you taken into consideration in fixing the amount of your award ?   State fully.   A. Damage for depreciation of land; land taken for right-of-way; inconvenience of farming; and danger of fire.

"8. What amount have you allowed for the inconvenience in farming plaintiff's land in the shape it is now ?   A. $20.

"9. What amount have you allowed for the depreciation of the whole tract of land in the market by reason of the construction of defendant's railroad through the same ?   A. $150.

"10. What amount have you allowed for the depreciation of 'east eighty' in the market on account of the construction of defendant's road across the corner of the 'west forty'?   A. Nothing.

"11. What amount do you allow on account of liability of fire ?   A. $45."

The *Railroad Company* filed a motion asking the court upon the special findings of the jury to render judgment against it for $162.50 only.   This motion was overruled, and

judgment was entered upon the general verdict for $295.05, with interest at 7 per cent. from the 1st day of July, 1887. The *Company* excepted, and brings the case here.

*J. H. Richards*, for plaintiff in error.

*Brown & Kline*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an appeal in the court below from the award of the commissioners, who condemned a right-of-way for the St. Louis, Fort Scott & Wichita Railroad Company through the land of Timothy McAuliff. The evidence is not preserved in the record, and no motion for a new trial was filed. The only question for our determination is whether the special findings of fact of the jury are inconsistent with the general verdict, and if so, the amount of the judgment to be rendered. The amount of land actually taken for the right-of-way was two acres. The jury found the land to be worth $40 per acre, making $80. They also found that the depreciation of the whole tract of land in the market by reason of the construction of the railroad through the same, was $150. The general verdict was for $295.05. Although there were findings of an amount for inconvenience in farming the land and for liability of fire, it must be assumed that these elements of damages were included in the allowance for the depreciation of the land.

Inconvenience, danger of fire, etc., are the items to be taken into account in assessing the depreciation to a tract of land on account of the construction and operation of a railroad through it. If the amount stated in the special findings for inconvenience and liability of fire is added to the amount the jury found for the depreciation to the whole tract of land, then double damages will be allowed for the same elements or items. Adding the market value of the land actually taken, which was $80, to the amount allowed for the depreciation of the whole tract of land, which was $150, makes $230. This, with interest, will make $252.75. When the special findings

of fact are inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly. (Civil Code, § 287.)

In this case, the value of the land actually taken and the depreciation of the whole tract as returned by the special findings, are less than the amount of the verdict, and the special findings must control.

The cause will be remanded, with direction to the court below to enter judgment upon the special findings of fact in favor of McAuliff, and against the railroad company for $252.75.

The costs in this court will be divided.

All the Justices concurring.