SEATON HOLM SMITH v. CRETE, M. & W. R. Co.

[FILED MARCH 19, 1890.]

1. **Trial:** EVIDENCE: ERROR WITHOUT PREJUDICE. At the trial certain interrogatories in the cross-examination of defendant's witnesses were overruled by the court, which evidence was subsequently presented to the jury in other forms without an offer of proof having been made to the court indicating the substance of the evidence to be offered and its relevancy to the issues; *held*, not error to the plaintiff's prejudice.

2. **The evidence** examined, and considered sufficient to sustain the verdict.

ERROR to the district court for Saline county. Tried below before MORRIS, J.

*Abbott & Abbott,* for plaintiff in error, cited : *Winona, etc., R. Co. v. Waldron,* 88 Am. Dec., 100 [11 Minn., 515].

*F. I. Foss,* and *W. G. Hastings, contra,* cited: *Yates v. Kinney,* 25 Neb., 122 ; *R. V. R. Co. v. Hayes,* 13 Id., 489; *Johnson v. Parrotte,* 23 Id., 238 ; *Bookwalter v. Lansing,* Id., 201; *Durrell v. Hart,* 25 Id., 610 ; *C., K. & N. R. Co. v. Wiebe,* Id., 542.

COBB, CH. J.

The plaintiff, in the court below, alleged that he was the owner in fee of the east half of the northwest quarter of section 16, township 8 north, range 4 east, in said county, and has occupied the same for the last five years as a part of a farm of 160 acres, on which he resides with his family and which is highly improved and valuable; that the Crete, Milford & Western Railroad Company on August 1, 1887, entered without his consent upon said lands, which is the east half of his farm, lying in the valley of the Big Blue river, the most productive portion of his farm, and built its line of road through the same, from north to south, taking eight acres thereof, worth $75 per acre; that the farm is greatly damaged by the construction of the railroad by diverting water from its natural course and throwing it upon the land; by digging and leaving deep holes upon the land, which hold large quantities of water and become stagnant and in time of wet weather saturate and injure the land and by injury and destruction of fences and crops thereon; that great inconvenience is suffered by cutting the farm into two pieces and making communication between the two more difficult and expensive; that the portion east of the railroad is better adapted and more valuable for meadow than for cultivation, and has been so used for five years, and is intended for that purpose; that he has heretofore irrigated it by means of a

wind pump, on higher ground near his house, and thereby has secured in dry seasons a much heavier yield of grass, and that the railroad, as constructed, prevents irrigation and that the value of the land on the east of the road is reduced thereby; that the plaintiff uses the farm for stock, and annually keeps and feeds a large number of live stock and that the stables and yards in which stock is kept are situate on the slope west of the road, and are so arranged as to allow the wash from the stables and yards to run down onto the land under and east of the grade, by which the land was enriched and benefited and its value enhanced; that the same is now cut off by the road-bed and mostly wasted to the damage of the plaintiff; that the damage to the remainder of the farm from the construction of the road on the land so taken amounts to $1,000; that defendant took and destroyed the crop on the land so taken of the value of $75, to the damage of the plaintiff in full by reason of the premises of $1,675.

The defendant appeared by its attorneys and in writing offered to confess judgment in the sum of $500, and subsequently filed its answer, setting up:

I. A general denial of the plaintiff's petition.

II. Admitting that the plaintiff is the owner of the land as alleged; that defendant has graded its line through the land and has taken seven and three-tenths acres, but has only exercised the rights conferred by chapter 16 of the statutes of this state and has done no acts not authorized thereby.

III. Asks that the award of the court be filed in the county clerk's office, as a deed to the right of way through the land.

There was a trial to a jury and verdict for the plaintiff for $650, upon which judgment was entered.

The plaintiff's motion for a new trial was overruled, and exceptions being taken and entered of record, the plaintiff brings the cause to this court on error.

1. That the court erred in sustaining defendant's objections to certain testimony offered by the plaintiff.

2. The verdict is insufficient under the evidence.

3. The court erred in not granting a new trial.

No complaint is made of instructions in this case, either given or refused. No exception was taken at the trial to the instructions given by the court of its own motion; neither did the plaintiff offer any, while those offered by the defendant were refused by the court. Nor is there complaint made in the petition in error, the motion for new trial, or the plaintiff's brief, that any evidence offered was refused, except that of the witnesses Reed and Bigler for defendant on cross-examination by plaintiff.

The objection seems made to the evidence given on the part of the defendant and received over the plaintiff's objections. This evidence is pointed out only by reference to the pages of the bill of exceptions in which it is claimed to be set forth.

The plaintiff, having testified generally as to the location of the defendant's road across his land, was asked by his counsel: Q. What kind of improvements have you on that farm? To which the defendant objected as immaterial, and the objection was sustained, and no exceptions to the ruling seem to have been saved.

The plaintiff made no offer of proof, but proceeded in the examination, and, after several interrogatories and replies, counsel repeated the inquiry in another form : "Q. What class of improvements have you on there?" which was not objected to, and the witness answered that he had first-class improvements on his farm, and they were all upon rock foundations. At the end of four pages of questions and answers, in the bill of exceptions, counsel for the plaintiff asked the witness: "Q. What was the value of improvements on that farm, aside from naked land, at the time of its condemnation in June last?" To which the defendant objected as incompetent and immaterial, and the

objection was sustained, with an exception to the ruling by the plaintiff. The plaintiff made no offer of proof upon this ruling, but proceeded in the examination.

Q. What was the value of the land at that time, last June, without improvements, fences, stables, and buildings or anything of that kind?

A. I judge that that land ought to be worth $35 per acre.

The witness had previously answered, over an objection by the defendant, to the question, What was the whole farm worth in June, 1887? that he estimated the farm, with the improvements, at $80 per acre.

Q. Is it worth that now?

A. Yes, it is.

Q. Was that portion taken by the railroad company worth as much, or more, or less, than the average of the whole?

A. It is really worth more than the average where the road is constructed through, because that is the bottom and the next yard to my feed yard, where I finish feeding cattle, and where I ship from; it is that yard where I collect in cattle and put them on there; the grass will grow there later in the fall, and keep them until I start in feeding on full feed.

Q. How much damage results to the remainder of the farm by reason of taking in this for the road, and by constructing the road across it?

Over the objection of defendant, as incompetent and immaterial, calling for a conclusion, and the witness not having shown himself competent as an expert, the witness answered that he thought it did, on an average, injury to amount to $25 per acre to the whole farm.

Q. It reduces the value of the farm $25 per acre in your estimate?

A. Yes, sir; in the way that farm is improved.

It is observed that notwithstanding the overruling by

the court of·the question referred to, the plaintiff was enabled to get in the entire evidence which he seems to have desired, and having pursued this course, instead of making an offer of the proof which he proposed to introduce in a compact and synthetic form, standing upon his right to introduce it, he cannot now avail himself of the error, in the rejection of the two questions. (*Yates v. Kinney*, 25 Neb., 123.)

The plaintiff having rested, the defendant introduced the witness R. J. F. Reed, who, having testified, was cross-examined by the plaintiff.

Q. Do you know anything of the value of improvements upon that farm of Smith?

A. Nothing but what I could observe from driving along, and by hearsay, and from what I could see had the appearance of fine improvements.

Q. For a stock feeding farm how is it, favorable or otherwise?

A. I should think it was favorable.

Q. If a man improves judiciously, so as to make the best use for a stock feeding farm upon a quarter section of land, will not the average value per acre of that land be equal to the whole value? (Defendant objects to the question as not proper cross-examination, as indefinite and incompetent, which was sustained, and exception taken by the plaintiff.)

There was no offer of evidence here made by the plaintiff.

Jacob Bigler, a witness for the defendant, having testified that, in his opinion, in addition to the value of the seven and three-tenths acres actually taken by the railroad company for right of way, the remainder of plaintiff's farm was damaged by the taking in $200, was cross-examined by the plaintiff and asked " If the value of the improvements put upon the farm for the purpose of grain raising and stock feeding have been judiciously put there at the cost of $10,000, is not your estimate a great deal

too low?" The defendant objected to the question as immaterial, and irrelevant, which objection was sustained and exception to the ruling taken.

It appears from the plaintiff's brief that the sole object in proving the value of the improvements of the farm was to enhance the estimate of the value of the seven and three-tenths acres of ground taken. We have seen, notwithstanding the two questions put to the plaintiff on the witness stand and overruled, he did place before the jury his estimate of the value of the farm per acre, in gross, at the time of the taking. This was all that was necessary for the plaintiff's purpose. If it was not, he also got before the jury the estimate of the land without improvements, and thus enabled the jury, if expedient, by process to ascertain the plaintiff's estimate of the improvements. Had he desired the jury, in passing upon the value of the land taken, to first find the value of the entire farm at the time taken, and, by process, that of each acre taken, he should have offered an instruction to that effect to the court. Had such been held to be the law, there was sufficient evidence before the jury to have sustained a finding to that effect. It is, however, doubted that such a rule should be established. It would have necessarily modified a rule already established in this and other states, admitted by the plaintiff, in his brief, "to be pretty well settled," that the land owner is entitled to full pay for the land actually taken, and, in addition, to such damages to the residue of the land as are equivalent to the diminution of the value thereof caused by the taking; because if the value of the land actually taken is first enhanced by the value of the improvements on the remainder of the land, then to get this enhanced value and, in addition, the damages to the remainder actually improved, including the damages to the improvements, would seem to result in a multiplicity of damages uncertain to the measure of justice required. The rule stated in the case of the *Chicago, Kansas & Nebraska*

*Railroad Co. v. J. G. Wiebe,* 25 Neb., 542, and in former decisions of this court there cited, is believed to be correct, and is adhered to.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.