Hon. T. O. C. HARRISON, } Judges.
Hon. T. L. NORVAL,

Hon. ROBERT RYAN,
Hon. JOHN M. RAGAN, } Commissioners.
Hon. FRANK IRVINE,

---

CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY v.
EZRA B. SHAFER.

FILED SEPTEMBER 16, 1896.   No. 6767.

1. **Damages:** Evidence: Eminent Domain: Railroad Companies.
While the jury should not, in assessing damage in favor of a property owner upon the appropriation of land for right of way purposes by a railroad company, take into consideration as a distinct element of damage such remote contingencies as the frightening of horses and injury to persons and property by passing trains, such matters are proper subjects of inquiry in determining to what extent, if at all, the value of the property in question has been impaired by the construction and operation of the road.

2. **Failure to File Instructions:** Review. The neglect of the district court to file with the clerk instructions given, in order to be available as ground for reversal, must be called to the attention of that court by means of the motion for a new trial. (*Tagg v. Miller,* 10 Neb., 442.)

(25)

3. Witnesses: VALUE OF PROPERTY: EVIDENCE. One who has resided upon and owned real estate for twenty years, and is acquainted from hearsay with the recent sales of land in the vicinity and the prices paid therefor, is a competent witness to the value of his own property.

4. ———: FOUNDATION FOR TESTIMONY. Error in receiving the testimony of a witness who has not been shown to possess the requisite knowledge of the subject involved, is cured when by means of the cross-examination a sufficient foundation is laid for such testimony.

ERROR from the district court of Seward county. Tried below before BATES, J.

The opinion contains a statement of the case.

*R. S. Norval* and *J. W. Dewcese,* for plaintiff in error:

The first and second instructions were erroneous. (*St. Louis & S. W. R. Co. v. Hammers,* 51 Kan., 127; *Atchison & D. R. Co. v. Lyon,* 5 Am. & Eng. R. Cas. [Kan.], 295; *Blakeley v. Chicago, K. & N. R. Co.,* 25 Neb., 212; *Republican V. R. Co. v. Linn,* 15 Neb., 241; *Fremont, E. & M. V. R. Co. v. Whalen,* 11 Neb., 589.)

Error resulted from the failure of the court to file with the clerk certain instructions read to the jury. (*Tagg v. Miller,* 10 Neb., 443; *Fry v. Tilton,* 11 Neb., 456.)

The court erred in permitting the witnesses to give their opinion as to the amount of damages sustained. (*Chicago, K. & W. R. Co. v. Stewart,* 50 Kan., 33; *City of Chicago v. Taylor,* 125 U. S., 161; *St. Louis, K. & N. R. Co. v. St. Louis Union Stock Yard Co.,* 57 Am. & Eng. R. Cas. [Mo.], 680; *Missouri P. R. Co. v. Coon,* 15 Neb., 232; *Fremont, E. & M. V. R. Co. v. Bates,* 40 Neb., 381; *Fremont, E. & M. V. R. Co. v.Whalen,* 11 Neb., 591; *Missouri P. R. Co. v. Hayes,* 15 Neb., 229.)

*Biggs & Thomas, contra.*

References in argument in favor of the instructions: *Love v. Putnam,* 41 Neb., 86; *Omaha S. R. Co. v. Beeson,* 36

Neb., 361; *Chicago, B. & Q. R. Co. v. O'Connor*, 42 Neb., 90; *Fremont, E. & M. V. R. Co. v. Bates*, 40 Neb., 381.

The contention relating to the failure to file the instructions should be disregarded, it not having been raised by the motion for a new trial. (*Tagg v. Miller*, 10 Neb., 443; *Fry v. Tilton*, 11 Neb., 456; *Koehler v. Summers*, 42 Neb., 320; *Ward v. Western Horse & Cattle Ins. Co.*, 42 Neb., 374.)

The owner of land taken for right of way by a railroad company, having resided on the land and improved it, and who swears that he knows its value, is a competent witness, as well as persons living in the neighborhood who are acquainted with the value of land in the vicinity. (*Burlington & M. R. R. Co. v. Schluntz*, 14 Neb., 421; *Sioux City & P. R. Co. v. Weimer*, 16 Neb., 272; *Blakeley v. Chicago, K. & N. R. Co.*, 25 Neb., 207; *Burlington & M. R. R. Co. v. White*, 28 Neb., 166; *Chicago, B. & Q. R. Co. v. O'Connor*, 42 Neb., 90.)

POST, C. J.

This proceeding presents for review the judgment of the district court for Seward county awarding in favor of the defendant in error, Shafer, damage on account of the appropriation by the plaintiff in error, the Chicago, Burlington & Quincy Railroad Company, of the property of the former for right of way purposes. In the brief of counsel three reasons are assigned for a reversal of the judgment complained of, and which will be noticed in the order presented.

The trial court, among other instructions relating to the measure of damage, gave the following:

"No. 1. The jury are instructed that in determining the amount of damages, if any, which the plaintiff is entitled to recover by reason of the location and operation of defendant's said railroad, you may take into consideration all facts and conditions which actually tend to depreciate the market value of the plaintiff's land, considering the close proximity of said railroad to defendant's [plaintiff's] buildings."

"No. 6. You should not take as a separate and distinct basis for the assessment of damages such remote contingencies as the frightening of horses, liabilities of fires, and damage to persons and property from passing trains. Such contingencies are only to be considered for the purpose of determining whether, and to what extent, the value of the property will be decreased by the building and operation of the railroad. If, in consequence of its exposure to such damages, the actual value of the property is diminished to any extent, then such decrease in value measures the actual loss to the owner."

It is argued by way of criticism of these paragraphs that they lack precision as a statement of the law of the case, and that they authorize a recovery for purely speculative damages, such, for instance, as negligence in the future operation of the road. In *Omaha S. R. Co. v. Beeson*, 36 Neb., 361, it was said: "If the house was rendered intrinsically less valuable by reason of dust and smoke from passing engines, that fact was admissible, not as an independent element of damage, but to be taken into consideration in determining the value of the entire tract, as it then was burdened by the right of way," and the rule there recognized was, in *Chicago, B. & Q. R. Co. v. O'Connor*, 42 Neb., 90, applied to a state of facts substantially like those here involved. Aside from the paragraphs quoted the jury were, in substance, charged that it was their duty, first, to ascertain from the evidence the market value of the plaintiff's land actually taken for right of way, to-wit, 3;100 acres; second, to ascertain in like manner the depreciation in value, if any, of the plaintiff's entire tract of forty acres resulting from the construction and operation of the defendant's road through said premises, and to return a verdict in favor of the former for the aggregate of the amount so found;. and by still another paragraph the jury were advised that they should, in the assessment of damage, take into consideration such injuries to the property as necessarily and actually result from the legal and proper construction of the defendant's

road, and from its future lawful and perpetual use. The charge as a whole fairly states the rule of damage, and is not deserving of the criticism to which it has been subjected by counsel. (See, in addition to cases above cited, *Chicago, K. & N. R. Co. v. Wiebe*, 25 Neb., 542; *Fremont, E. & M. V. R. Co. v. Meeker*, 28 Neb., 94; *Smith v. Crete, M. & W. R. Co.*, 29 Neb., 142; *Omaha S. R. Co. v. Todd*, 39 Neb., 818.)

It is next complained that the court below erred in the giving, over the objections of the defendant below, of certain instructions at the request of plaintiff which had not been filed as required by law. Section 4 of "An act to amend section 58, chapter 14, General Statutes," approved February 25, 1875 (Compiled Statutes, ch. 19, sec. 55), provides that instructions shall be filed by the clerk before being read to the jury; and in section 5 of the same act it is declared that "a neglect or refusal on the part of the court to perform any duty enjoined by the preceding sections shall be error in the trial of the case and sufficient cause for the reversal of the judgment rendered therein." (Session Laws, 1875, p. 77, sec. 5.) It is probable that the foregoing provision is, in view of the peremptory language there employed, mandatory, and that the district court erred in reading the instructions, over the defendant's objection, without first causing them to be filed with the clerk. It was, however, held in *Tagg v. Miller*, 10 Neb., 442, that the neglect or refusal to observe the requirements of that statute must, to be available as ground for reversal of the final judgment, have been called to the attention of the district court by means of a motion for a new trial. No reference having been made in the motion filed in this case to the action now complained of, the subject may be dismissed without further comment.

It is contended that the district court erred in the admission of certain evidence bearing on the question of damage. To illustrate the exceptions which are grouped under this assignment it will be sufficient to cite the plaintiff's own testimony, as follows:

Q. I will ask if you know the value of tax lot No. 13 (the property described in the pleadings) on or about the 9th day of April, 1892?

A. I do.

Q. You may state about what that is worth.

A. One hundred and twenty-five dollars per acre.  *   *

Q. You may state, Mr. Shafer, how much less is tax lot No. 13 worth by reason of the location of defendant's road across it than it was before the location of the road.

Objected to, as irrelevant, incompetent, immaterial, and that no proper foundation has been laid, and it is not a proper rule for the measure of damage or value to allow the witness to give his opinion as to value of remaining tract at this time.   Overruled.   Exception.

A. About $1,000 less.

The objections urged to this evidence by counsel are twofold, viz.: (1.) There was no foundation for such examination, the plaintiff not being possessed of sufficient knowledge of the subject to qualify him as a witness to the value of the property. (2.) It is an invasion of the province of the jury, by permitting the witness, indirectly, to assess the damage. But the vice, if any, of the ruling assigned was, we think, cured by the cross-examination of the witness, who, in response to the inquiry of defendant's counsel, testified:

Q. Do you know what was the value of tax lot No. 13 just after the condemnation and construction of the road through there?

A. Which lot is that?

Q. This ten-acre lot.

A. Yes, sir.

Q. What was it?

A. One hundred and twenty-five dollars per acre.

Q. Before the construction of the road?

A. Yes, sir.

Q. How much afterward?

A. It was worth $1,000 less for my use.

Q. What is the basis and reason for your estimate of the damage?

A. It was worth two-thirds less than it was without the road.

Q. Then you mean to say the taking out of the right of way depreciated the value of tax lot No. 13 two-thirds of its value?

A. The way it is cut up and divides it from my other property makes it hardly any benefit to me, or very little, at least.

It appears further from the cross-examination that the plaintiff has resided upon and owned the tract of land in question, which adjoins the city of Seward, for more than twenty years, and knew the cost of the improvements thereon. He is also shown to have been acquainted with the recent sales of land in that vicinity and the prices paid thereat. It has been frequently said by this court that to qualify a witness to give testimony concerning the value of land he must be shown to possess some knowledge of the subject, although the amount or scope of such knowledge has not been defined. Nor is it at this time deemed necessary, if, indeed, it were possible, to lay down a precise rule by which to determine the competency of witnesses as to value in all cases. It is sufficient that resident owners of land in a farming neighborhood have generally been held competent witnesses to the value of real estate in such community. In a leading case upon the subject, *Robertson v. Knapp*, 35 N. Y., 91, the witnesses, all of whom were residents of the immediate neighborhood, some being engaged in farming and others retired farmers, were held competent without further showing. In the opinion it is said: "There are no certain data which, if given, will fix the value of land. The same data will produce widely different results as to the value, depending, perhaps, on location and the use to which it can be applied, or upon the demand. The value of land in the vicinity is usually understood by all of the residents of a farming neighborhood, without respect to occupation." The opinion of such a witness may not be the best or most satisfactory evidence attainable, and yet

it is difficult to conceive of persons better qualified to testify upon the subject of the value of farming lands than resident owners of like property in the particular locality. It is, to say the least, competent evidence, its weight or probative force to be determined by the jury and depending upon the facts of the particular case. Again, the record discloses that the original award of damage by the commissioners named for that purpose was made April 23, 1892, which corresponds substantially with the date laid in the question first above quoted. It is obvious, therefore, that the plaintiff's testimony in chief, supplemented by his cross-examination. shows his competency as a witness and was appropriate for the purpose of proving damage. And the fact that the witness, in response to proper questions, answered that the property was worth less by $1,000 immediately after the construction of the road, instead of stating its value at said date, presents no ground for reversal, since the objections go to the form of the interrogatories only, and not the sufficiency or materiality of the answers. The foregoing observations are applicable to the testimony of other witnesses to which reference is made in the brief by counsel.

There is no error in the record prejudicial to the rights of the plaintiff in error, and the judgment will be

AFFIRMED.